## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**MIKE LE'DANTE MARSHALL, SR.**                                                                   **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 3:08CV-P357-H**

**1st OFFICER GRAHAM** *et al.*                                                       **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Mike Le'Dante Marshall, Sr., filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against 1st Officer Graham, Jefferson County Correction Officers, and Director Tom Campbell. In the complaint, Plaintiff alleged that he was subjected to various unlawful searches of his person while incarcerated at the Louisville Metro Department of Corrections. At the end of his complaint, Plaintiff further alleged, "in addition to the above statement, I've been sexually, physically degraded and humiliated and verbally abused." Based on Plaintiff's vague statement, the Court could not ascertain the nature of the sexual and physical abuse Plaintiff alleged that he suffered or the persons allegedly responsible for the abuse. Consequently, prior to this Court's initial screening of the complaint under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court provided Plaintiff with an opportunity to amend his complaint to name the individuals he alleges are at fault for the abuse and to provide more facts, including the nature of the abuse. Plaintiff has responded to the Order, providing some additional details. As such, the Court can now properly screen the complaint. For the reasons explained below, the Court will dismiss the complaint for failure to state a claim upon which relief can be granted.

### I. SUMMARY OF CLAIMS

Plaintiff, a convicted inmate, was formerly incarcerated at the Louisville Metro Department of Corrections. While there, Plaintiff claims that he was unnecessarily subjected to

a search known as the "credit card swipe" in which officers ran "their hands all the up into [Plaintiff's] behind parts" and roughly handled his "private parts." Plaintiff alleges that these searches were sexually degrading and made him feel "disrespected as being a man."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,__, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at __, 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

2

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The Constitution protects prisoners and pretrial detainees from the "unnecessary and wanton infliction of pain" that is "totally without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002). Only "calculated harassment" or "maliciously motivated" conduct that is unrelated to institutional security is considered unconstitutional. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). "It cannot be questioned that the body cavities of prisoners are capable of secreting a surprising array of objects, and that inmates are willing to go to extreme lengths to obtain weapons and illicit drugs." *United States v. Oakley*, 731 F. Supp. 1363, 1370 (S.D. Ind. 1990). "The fact that prisoners are willing to place such dangerous objects into body cavities that most people rarely display to others demonstrates as much about the guile and bravado of certain prisoners as it does about the government's need to search, both visually and physically, such private areas of the body." *Id.* Indeed, the United States Supreme Court has recognized that preventing contraband that can be smuggled through the alimentary canal or hidden in the rectal cavity is a legitimate penological

concern. *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Digital rectal searches are a legitimate means of maintaining order and do not violate the Eighth Amendment as long as they are conducted in a reasonable manner. *Del Raine v. Williford*, 32 F.3d 1024, 1039-42 (7th Cir. 1994) (upholding reasonableness of digital rectal search against Eighth Amendment challenge because there was no evidence that officials undertook search in "malicious and sadistic fashion for the very purpose of causing harm") (citations omitted).

Nothing Plaintiff's complaint suggests that the searches were conducted for any illegitimate reasons or performed only to harm Plaintiff. Plaintiff's complaint is simply that the searches made him feel "sexually degraded" and were uncomfortable. This is insufficient to state a claim. *See Rhoten v. Werholtz*, 243 F. App'x 364, 365 (10th Cir. 2007) (affirming district court's dismissal of a complaint in which a prisoner alleged that the officer conducting a search "pulled on [his] testicles real hard causing [him] a great deal of discomfort and pain" because the plaintiff had alleged only a "*de minimis*" use of force without any lasting injuries.).

Likewise, the officers' use of verbally offensive language during the searches is not actionable. Although verbal abuse by prison officials is not condoned, the law is clear that even if the allegation of verbal abuse is true, verbal abuse by itself does not violate the Constitution. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Cumbey v. Meachum*, 684 F.2d 712 (10th Cir. 1981); *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987).

The Court further observes that even if Plaintiff had established a violation of the Constitution he could still not recover in this case. Plaintiff has not alleged that the searches caused him any significant physical injuries other than momentary discomfort. Rather, Plaintiff's chief complaint is that the searches humiliated him. Plaintiff's claim for emotional and mental damages is governed by 42 U.S.C. § 1997e(e) which states in part that "no federal

4

action may be brought by a prisoner confined in a jail, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing a physical injury." It is clear that the physical injury must be more than *de minimus*. *Benson v. Carlton*, No. 99-6433, 2000 U.S. App. LEXIS 21202 at *3 (6th Cir. 2000) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). Here, Plaintiff has not alleged a physical injury and, therefore, cannot recover for his alleged emotional injuries.

Plaintiff has failed to state a cognizable claim for relief. Accordingly, the Court will enter a separate order of dismissal.

Date:

cc:     Plaintiff, *pro se*

4412.008

5